[L. A. No. 8523. In Bank.—March 5, 1925.]

CITY PROPERTIES COMPANY, Respondent, v. SOUTHERN CALIFORNIA BOND & FINANCE CORPORATION (a Corporation), Appellant.

APPEAL — MOTION TO DISMISS — SETTLEMENT OF BILL OF EXCEPTIONS—EXCUSABLE NEGLECT.—Where an appellant proposes a bill of exceptions within time and upon receipt of proposed amendments thereto immediately delivers both documents to the clerk of the court for the judge who tried the case, and both parties thereafter await notice of the time set for settlement of the bill of exceptions, but the clerk through mistake or inadvertence fails to deliver the amendments to the judge and

does not advise him of the fact that amendments have been proposed, under the circumstances appellant's inactivity constitutes excusable neglect; and as the settlement of the bill is not such as is contemplated by law where amendments have been proposed, the motion to dismiss will be denied and the trial court should vacate its order settling the bill.

(1) 4 C. J., p. 572, n. 31.

MOTION to dismiss appeal.   Denied.

The facts are stated in the opinion of the court.

Herbert C. Kelly for Appellant.

Crouch & Sanders for Respondent.

THE COURT.—This matter came before us at our last calendar in Los Angeles upon respondent's motion to dismiss the appeal upon the ground of appellant's failure to file transcript within time.   Counsel for appellant being actually engaged in the trial of a case in another county was unable to be present at the hearing thereof, but forwarded by mail an affidavit in opposition to the motion.   At the hearing respondent presented counter-affidavits, and upon the showing thus made it appeared that appellant's bill of exceptions had been settled by the trial judge December 1, 1924, and that the transcript was not presented for filing until January 26, 1925, the return day of the motion, and long after the service of notice thereof.   Upon this showing the motion was granted and the appeal dismissed.   Within due time thereafter appellant petitioned for a rehearing of the order dismissing the appeal and also petitioned for relief under section 473 of the Code of Civil Procedure, supporting the petition by affidavit, from which there appeared some material facts, the existence of which had not been ascertained by appellant at the time of the hearing on the original motion.   The petition for rehearing was granted and the matter is now before us upon respondent's motion to dismiss the appeal and appellant's application to be relieved from default.   There is some conflict arising from the affidavits filed in these various proceedings, but the following facts are gathered therefrom without substantial contradiction.   The

order appealed from was made October 11, 1924, and defendant's notice of appeal therefrom was filed November 14th. Appellant's proposed bill of exceptions upon appeal was served upon respondent November 19th, and November 28th respondent delivered to appellant its proposed amendments thereto. Appellant refused to adopt the proposed amendments and upon the same day he delivered to the clerk of the court for the judge who tried the case his proposed bill of exceptions and respondent's proposed amendments thereto. Both parties rested thereafter in the expectation that they would in due time receive notice from the clerk of the time set by the trial judge for the settlement of the bill of exceptions. No such notice was received by either party, and on January 8, 1925, respondent discovered from the record in the clerk's office that the bill of exceptions had been settled, without including therein any of respondent's proposed amendments thereto, on December 1, 1924. Respondent thereupon served and filed notice of motion to dismiss the appeal as aforesaid. It now transpires that through some mistake or inadvertence in the clerk's office appellant's proposed bill of exceptions was presented to the trial judge without the presentation to him of respondent's proposed amendments thereto and without advising him of the fact that amendments had been proposed thereto. Thereupon the trial judge, evidently believing that no amendments had been proposed to appellant's proposed bill of exceptions, settled the same as proposed by the appellant without notice to either of the parties. Two things are apparent from this showing. First, that appellant's inactivity, while awaiting the receipt of notice from the clerk of the time fixed by the trial judge for the settlement of the bill of exceptions, may justly be regarded as excusable neglect; second, that the purported settlement of the bill of exceptions by the trial judge was not such a settlement thereof as the law contemplates in cases where amendments have been proposed thereto by respondent and have been rejected by appellant. The trial judge was misled by the circumstances into believing that no amendments had been proposed to appellant's proposed bill. It seems, therefore, that the relief sought herein by appellant should be granted, and that the trial judge will doubtless, upon proper application therefor, or upon his own motion, vacate

the order heretofore made by him settling the bill of exceptions and will fix a time for the settlement thereof, at which time, and upon notice to the parties, he will either allow or disallow respondent's proposed amendments thereto as to him may seem proper. It is therefore ordered that the motion to dismiss the appeal ·be and it is hereby denied.