[Civ. No. 5283.   Second Appellate District, Division One.—February 10, 1926.]

## NATHAN GOLDBERG, Respondent, v. THELMA H. DAVIS, Appellant.

[1] APPEAL—DELAY IN FILING TRANSCRIPT—DISMISSAL.—A motion to dismiss an appeal upon the ground of failure to file the transcript within the time required by law will be denied where, at the time when notice of the motion to dismiss was filed, the time allowed for filing the transcript had expired, and the fact is undisputed that the attorney for the appellant relied upon the custom as to the payment of costs· of transcripts upon appeal theretofore existing between him and the clerk of the trial court, by which the attorney was permitted to order transcripts on appeal and on completion of each transcript to pay the cost thereof without furnishing an undertaking in the matter, and the attorney had no intimation that such arrangement had been changed; and where, although the transcript· may not have been filed within the time required by law, it was apparent that appellant, through her attorney, was acting in good faith and that the delay did not occasion any hardship on the respondent.

(1) 4 C. J., p. 473, n. 21.

MOTION to dismiss an·appeal from a judgment of the Superior Court of Los Angeles County. Elliott Craig, Judge. Motion denied.

The facts are stated in the opinion of the court.

L. E. Dadmun for Appellant.

Burnett Wolfson for Respondent.

----

1. See 2 Cal. Jur. 669.

HOUSER, J.—A motion to dismiss the appeal herein has been presented by the respondent on the ground that there was a failure to file the transcript within the time required by law.

Without conceding the fact that the transcript was not filed within the time prescribed by the rules of this court, under the provisions of section 473 of the Code of Civil Procedure appellant has prayed to be relieved from any default on the ground that it arose through mistake, inadvertence, or excusable neglect.

Appellant represents that the reason for her failure to file the transcript on appeal within the required time was because, although the attorney who represented her on said appeal gave the order to the clerk of the trial court to prepare the transcript on appeal, such transcript was not prepared and made ready for certification and approval by the trial judge in accordance with the provisions of the statute, solely because of a misunderstanding by her attorney of an arrangement for such matters in general existing between him and such clerk.

Section 953b of the Code of Civil Procedure provides in substance that at the time the notice of appeal is filed with the clerk the appellant shall also file an undertaking by which the appellant shall become bound to pay to the clerk the cost of preparing the transcript, or that the appellant may arrange personally with the stenographic reporter for his compensation.

Counsel for appellant has filed an affidavit herein by which it appears that in each of five different cases arising in the superior court, and in which appeals were taken by him for his several respective clients in such matters in the same manner as was the appeal taken in the instant case, he filed his notice of appeal, made his demand for the clerk's transcript in accordance with the provisions of the statute, and in each case, after the transcript had been prepared and the bill for the cost of the preparation thereof presented to counsel representing the appellant, he had paid the same; that in the instant case he followed the same course and fully believed that the transcript would be prepared and the bill therefor thereafter presented as had been done in each of the other cases to which

reference was had, and did not deem it necessary to make any arrangement different from that theretofore made in those cases. Furthermore, that six days before the notice of the motion for the dismissal of the appeal herein was served and filed by the clerk of this court, he had written a letter to the clerk of the trial court inclosing a check in payment of the cost of the transcript on appeal in another case, and in the same communication had requested the clerk to inform him if the transcript on appeal were ready in the instant case. On the other hand, a deputy clerk in charge of the "Transcript Department" in the office of the clerk of the trial court made affidavit in substance that after the notice of appeal herein had been filed, said deputy clerk left a message at the office of the attorney for appellant to the effect that arrangements should be made with the clerk of the trial court looking toward the payment or guaranteeing the payment of the costs for preparing the transcript on appeal; that no response was received from such message, and that on each of at least two other occasions the deputy clerk had telephoned the office of said attorney and had left a message to the same effect as the first message, and with the same result. In reply to such affidavit the attorney for appellant has filed his affidavit that no such message was ever received by him. In addition thereto, the clerk and stenographer in the office of the said attorney makes affidavit that it was her duty to receive all telephone calls in said office during regular office hours, and that no telephone message, such as was described in the affidavit of the deputy clerk, was ever received in such office.

[1] From such contradictory statements it is difficult (if possible) to determine which of the affiants is mistaken. The fact, which is undisputed, that the attorney for appellant had customarily been accorded the courtesy by the clerk of the trial court of permitting him to order his transcripts on appeal and on completion of each of such transcripts to pay the cost thereof without theretofore furnishing an undertaking in the matter, together with the fact that under such arrangement, a few days before the notice of the motion for the dismissal of the appeal herein was filed with the clerk of this court, the attorney for appellant had paid the costs of the transcript of another appeal and at the same time had requested information from said clerk as to when

the transcript in the instant case would be ready, would indicate that, so far as the attorney for appellant was concerned, he had relied upon the custom as to the payment of costs of preparing transcripts on appeal theretofore existing between him and the clerk of the trial court and had had no intimation that such arrangement had been changed. Although the transcript on appeal may not have been filed within the time required by law, it is apparent that appellant, through her attorney, was acting in good faith. The delay occasioned by the default of the appellant did not occasion any alleged hardship on the respondent. Within a few days after the notice of motion herein was filed the transcript was prepared and made ready for presentation to the trial judge for his certification and approval as required by law, and the affidavit of the attorney for appellant shows that the appeal is meritorious and that it is prosecuted in good faith. In such circumstances, assuming (without deciding) that at the time when the notice of motion herein was filed the time allowed by law for filing the transcript on appeal had expired, we are of the opinion that the appellant should be relieved from her default and that the motion to dismiss the appeal should be denied. It is so ordered.

Conrey, P. J., and York, J., concurred.