[Civ. No. 6428. Second Appellate District, Division One.—February 6, 1929.]

MRS. ALICE MARTIN, Appellant, v. STERLING GROCERY COMPANY (a Copartnership) et al., Respondents.

Elbert E. Hensley for Appellant.

Lucius K. Chase for Respondents.

CRAIL, J., *pro tem.*— The motion to dismiss is made upon the ground that appellant has failed to file a transcript of the record and her points and authorities within the time prescribed by law and the rules of this court, and the motion is based upon the certificate of the county clerk and various affidavits showing such default. Appellant admits her default but seeks relief under the provisions of section 473 of the Code of Civil Procedure on the grounds of inadvertence and excusable neglect. (*Goldberg* v. *Davis,* 76 Cal. App. 489 [244 Pac. 952]; *City Properties Co.* v. *Bond & Finance Corp.,* 195 Cal. 566 [234 Pac. 1112].)

The affidavit of appellant's attorney shows that the action is for damages for personal injuries; that the trial resulted in a judgment for defendants, and that in due time appellant

gave notice of appeal and the next day, or August 30, 1928, notified the clerk to prepare a transcript on appeal, and on the same day he notified one of the stenographic reporters of said trial that he had given the notices above indicated and requested said reporter to consult with another reporter of said trial, and ascertain the approximate cost of a transcript and to notify affiant's office, whereupon satisfactory arrangements would be made for payment for same; that one or two days later the reporter telephoned affiant and advised that while he had looked up his own note-book and could tell approximately the amount of his charges, he had not as yet been able to consult with the second reporter to learn the amount of his charges for the portion of the testimony taken down by him; he agreed, however, that as soon as he received notice from the county clerk to prepare the transcript on appeal he would notify affiant of the total approximate charges for the same, at which time affiant was to notify the reporter to proceed with the preparation of the transcript on appeal; also, that on his part he instructed his docket clerk that, when the reporter called to give his said estimate and to get his final instructions as to the preparation of the transcript, she should have him prepare the same. Then follows a long recital of facts in the affidavit to the effect that the docket clerk upon whom he ordinarily relied was on a two weeks' vacation at the time, and that her substitute, upon whom he also relied, through ignorance or lack of experience in the position, failed him and neglected to make an entry in the office docket as to when the matter was due, and that he was not aware that the final arrangements for the transcript had not been made, and relied upon the fact that if any further arrangements were to be made the same would be called to his attention; that affiant himself was busily engaged in the trial of cases and other legal work during this period of time, and that the first he knew that the transcript was not in process of preparation by the reporter was when he received the notice of the motion to dismiss the appeal, January 15, 1929; that the delay was caused by the facts as by him stated. We have set out the above in order to show the gist of the claim of inadvertence and excusable neglect upon which appellant relies for permission to file the transcript. There was also a showing on the part of affiant of good faith

and a belief by him that there are reasonable grounds to expect a reversal if the appeal were considered on its merits. No arrangements have yet been made for the preparation of the transcript.

The motion to set aside appellant's default and to extend the time in which the transcript may be filed is addressed to the sound discretion of this court. Affiant's affidavit is not convincing. If he had intended to proceed diligently he would have taken some care during the period of more than 130 days which elapsed before the notice of motion to dismiss the appeal was served upon him. We are of the opinion that the default was not caused solely by inadvertence or excusable neglect; and the implied motion to set it aside is denied.

Respondents' motion to dismiss the appeal is granted.

Houser, Acting P. J., and York, J., concurred.